

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AT&T CORP. AND SBC INTERNET SERVICES, INC., <br><br> Defendants. | Civil Case No. 6:12cv283-ON-36DAB <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"), for its Complaint against defendants AT&T Corp. ("ATTC") and SBC Internet Services, Inc. ("SISI") (collectively "Defendants" or "AT&T") alleges the following:

**INTRODUCTION**

1. This is an action for infringement of United States Patent Nos. 5,828,657 ("the '657 patent"), 7,894,472 ("the '472 patent"), 6,970,501 ("the '501 patent"), 5,444,704 ("the '704 patent"), 5,206,854 ("the '854 patent"), 5,251,328 (" the '328 patent") and 5,812,537 (" the '537 patent") under 35 U.S.C. § 271(a), (b), and (c).

**PARTIES**

2. Plaintiff Brandywine is a limited liability company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania, 19085.

3. Upon information and belief, ATTC is a corporation organized and existing under the laws of the State of New York, with its principal executive offices at One AT&T Way, Room

4A248, Bedminster, NJ 07921. Upon information and belief, ATTC has one or more offices or facilities within this judicial district. Upon information and belief, ATTC sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4. Upon information and belief, SISI is a corporation organized and existing under the laws of the State of California, with its principal executive offices at 2623 Camino Ramon, San Ramon, CA 94583. Upon information and belief, SISI has one or more offices or facilities within this judicial district. Upon information and belief, SISI sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over the Defendants. Upon information and belief, each of the Defendants has transacted business in this judicial district directly or indirectly and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products and/or products that perform infringing processes directly, or through retailers or other businesses located in Florida and this judicial jurisdiction.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,828,657
### (35 U.S.C. § 271)

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On October 27, 1998, the '657 Patent, entitled "Half Duplex Echo Canceler Training Using a Pilot Signal," was duly and legally issued by the United States Patent and Trademark Office to inventors William Lewis Betts, Ramon B. Hazen, and Robert Earl Scott (collectively the '657 Inventors"), and has been duly and legally assigned to Brandywine. All of the '657 Inventors reside in this judicial district. A copy of the '657 patent is attached as Exhibit A.

11. AT&T had actual knowledge of the '657 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '657 patent.

12. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '657 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '657 patent ("AT&T Accused Services and Products for the '657 patent").

13. Upon information and belief, AT&T Accused Services and Products for the '657 patent include, but are not limited to, High Speed DSL Internet.

14. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '657 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '657 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '657 patent.

15. Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '657 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '657 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

16. Upon information and belief, AT&T's continued infringement despite its knowledge of the '657 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

17. Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '657 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,894,472
## (35 U.S.C. § 271)

18. The allegations set forth in the foregoing paragraphs 1 through 17 are incorporated into this Second Claim for Relief.

19. On February 22, 2011, the '472 Patent, entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," was duly and legally issued by the United States Patent and Trademark Office to inventor Gordon Bremer (" the '472 Inventor"), and has been duly and legally assigned to Brandywine. The '472 Inventor resides within this judicial district. A copy of the '472 patent is attached as Exhibit B.

20. AT&T had actual knowledge of the '472 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '472 patent.

21. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '472 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '472 patent ("AT&T Accused Services and Products for the '472 patent").

22. Upon information and belief, AT&T Accused Services and Products for the '657 patent include, but are not limited to, High Speed DSL Internet.

23. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '472 patent under 35

U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '472 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '472 patent.

24. Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '472 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '472 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

25. Upon information and belief, AT&T's continued infringement despite its knowledge of the '472 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

26. Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '472 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## THIRD CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,970,501
## (35 U.S.C. § 271)

27. The allegations set forth in the foregoing paragraphs 1 through 26 are incorporated into this Third Claim for Relief.

28. On November 29, 2005, the '501 Patent, entitled "Method and Apparatus For Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology," was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Philip J. Keyes (collectively the '501 Inventors"), and has been duly and legally assigned to Brandywine. All of the '501 Inventors reside in this district. A copy of the '501 patent is attached as Exhibit C.

29. AT&T had actual knowledge of the '501 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '501 patent.

30. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '501 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '501 patent ("AT&T Accused Services and Products for the '501 patent").

31. Upon information and belief, AT&T Accused Services and Products for the '657 patent include, but are not limited to, High Speed DSL Internet.

32. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '501 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '501 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '501 patent.

33. Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '501 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '501 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

34. Upon information and belief, AT&T's continued infringement despite its knowledge of the '501 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

35. Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '501 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## FOURTH CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,444,704
## (35 U.S.C. § 271)

36. The allegations set forth in the foregoing paragraphs 1 through 35 are incorporated into this Fourth Claim for Relief.

37. On October 27, 1998, the '704 Patent, entitled "Dial Restoral Method and Apparatus," was duly and legally issued by the United States Patent and Trademark Office to inventors P. Michael Henderson and Edward A. Thoenes (collectively the '704 Inventors"), and has been duly and legally assigned to Brandywine. Inventor Thoenes resides in this judicial district. A copy of the '704 patent is attached as Exhibit D.

38. AT&T had actual knowledge of the '704 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '704 patent.

39. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '704 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '704 patent ("AT&T Accused Services and Products for the '704 patent").

40. Upon information and belief, AT&T Accused Services and Products for the '704 patent include, but are not limited to, High Speed DSL Internet.

41. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '704 patent under 35

U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '704 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '704 patent.

42. Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '704 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '704 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

43. Upon information and belief, AT&T's continued infringement despite its knowledge of the '704 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

44. Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '704 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## FIFTH CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,206,854
## (35 U.S.C. § 271)

45. The allegations set forth in the foregoing paragraphs 1 through 44 are incorporated into this Fifth Claim for Relief.

46. On April 27, 1993, the '854 Patent, entitled "Detecting Loss of Echo Cancellation," was duly and legally issued by the United States Patent and Trademark Office to inventors William L. Betts and Robert A. Day, II (collectively the '854 Inventors"), and has been duly and legally assigned to Brandywine. Inventor Betts resides in this judicial district. A copy of the '854 patent is attached as Exhibit E.

47. AT&T had actual knowledge of the '854 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '854 patent.

48. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '854 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '854 patent ("AT&T Accused Services and Products for the '854 patent").

49. Upon information and belief, AT&T Accused Services and Products for the '854 patent include, but are not limited to, High Speed DSL Internet.

50. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '854 patent under 35

U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '854 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '854 patent.

51.     Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '854 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '854 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

52.     Upon information and belief, AT&T's continued infringement despite its knowledge of the '854 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

53.     Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '854 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## SIXTH CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,251,328
## (35 U.S.C. § 271)

54. The allegations set forth in the foregoing paragraphs 1 through 53 are incorporated into this Sixth Claim for Relief.

55. On October 5, 1993, the '328 Patent, entitled "Predistortion Technique for Communications Systems," was duly and legally issued by the United States Patent and Trademark Office to inventor David G. Shaw (the "'328 Inventor"), and has been duly and legally assigned to Brandywine. A copy of the '328 patent is attached as Exhibit F.

56. AT&T had actual knowledge of the '328 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '328 patent.

57. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '328 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '328 patent ("AT&T Accused Services and Products for the '328 patent").

58. Upon information and belief, AT&T Accused Services and Products for the '328 patent include, but are not limited to, High Speed DSL Internet.

59. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '328 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues

to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '328 patent. For example, AT&T is selling and providing to its customers DSL modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '328 patent.

60.  Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '328 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '328 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

61.  Upon information and belief, AT&T's continued infringement despite its knowledge of the '328 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

62.  Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '328 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

### SEVENTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,812,537
### (35 U.S.C. § 271)

63.  The allegations set forth in the foregoing paragraphs 1 through 62 are incorporated into this Seventh Claim for Relief.

64. On September 22, 1998, the '537 Patent, entitled "Echo Canceling Method and Apparatus for Data Over Cellular," was duly and legally issued by the United States Patent and Trademark Office to inventors William Lewis Betts, Ramon B. Hazen, and Robert Earl Scott (collectively the "'537 Inventors"), and has been duly and legally assigned to Brandywine. All of the '537 inventors reside in this judicial district. A copy of the '537 patent is attached as Exhibit G.

65. AT&T had actual knowledge of the '537 patent and its alleged infringement of that patent since at least November 28, 2011, when AT&T Inc. was served with Plaintiff's Original Complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fla. filed Aug. 12, 2011). AT&T has also had knowledge since at least February 17, 2012, the date Brandywine sent ATTC and SISI letters that provided additional notice of their infringement of the '537 patent.

66. Upon information and belief, AT&T has infringed and continues to infringe one or more claims of the '537 patent in this judicial district and elsewhere by making, using, selling, offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '537 patent ("AT&T Accused Services and Products for the '537 patent").

67. Upon information and belief, AT&T Accused Services and Products for the '537 patent include, but are not limited to, High Speed DSL Internet.

68. Upon information and belief, since at least November 28, 2011, AT&T has committed and continues to commit acts of contributory infringement of the '537 patent under 35 U.S.C. § 271(c) in that AT&T has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including AT&T Accused Services and Products for the '537 patent. For example, AT&T is selling and providing to its customers DSL

modems to deliver service from its DSL network. These modems have no substantial non-infringing uses and are especially adapted to work with AT&T's infringing DSL service. AT&T provides such products to its customers, whose use of such products constitutes direct infringement of the '537 patent.

69. Upon information and belief, since at least November 28, 2011, AT&T has induced and continues to induce others to infringe the '537 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of the '537 patent. AT&T's aiding and abetting includes, for example, distributing advertisements and instructions to consumers, and/or supporting the consumers' directly infringing use.

70. Upon information and belief, AT&T's continued infringement despite its knowledge of the '537 patent and Brandywine's accusations of infringement has been objectively reckless and willful.

71. Because of AT&T's infringement, inducement of infringement, and contributory infringement of the '537 patent, Brandywine has suffered damages and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Brandywine demands judgment against AT&T and against their respective subsidiaries, affiliates, agents, servants, employees, licensees, and all persons acting or attempting to act in active concert or participation with them or acting on their behalf, granting the following relief:

A. A judgment in favor of Brandywine that Defendants have infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement of the '657, '472, '501, '704, '854, '328 and '537 patents;

B. An award of damages adequate to compensate Brandywine for the infringement, inducement of infringement, and contributory infringement, together with pre- and post-judgment interest and an accounting;

C. Increased damages pursuant to 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Brandywine of its attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Brandywine demands a trial by jury.

Dated: February 21, 2012

Respectfully submitted,

/s/Brian R. Gilchrist
Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.com
**ALLEN, DYER, DOPPELT MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiff**
Brandywine Corporation

A. A judgment in favor of Brandywine that Defendants have infringed, directly and/or indirectly, and by way of inducing and/or contributing to the infringement of the '657, '472, '501, '704, '854, '328 and '537 patents;

B. An award of damages adequate to compensate Brandywine for the infringement, inducement of infringement, and contributory infringement, together with pre- and post-judgment interest and an accounting;

C. Increased damages pursuant to 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Brandywine of its attorneys fees, expenses and costs pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Brandywine demands a trial by jury.

Dated: February 21, 2012

Respectfully submitted,

Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.com
**ALLEN, DYER, DOPPELT
MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiff**
Brandywine Corporation