IN THE UNITED STATES DISTRICT COURT
FOR THE FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

      Plaintiff,

v.

AT&T CORP. AND SBC INTERNET
SERVICES, INC.,

      Defendants.

Case No. 6:12-cv-00283-CEH-DAB

JURY TRIAL DEMANDED

## DEFENDANTS AT&T CORP. AND SBC INTERNET SERVICES, INC.'S ANSWER AND COUNTERCLAIM TO BRANDYWINE COMMUNICATIONS TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants AT&T Corp. ("ATTC") and SBC Internet Services, Inc. ("SBC")

(collectively "AT&T") file their Answer and Counterclaim to the Complaint of Plaintiff

Brandywine Communications Technologies LLC ("Brandywine") as follows:

## ANSWER

## INTRODUCTION

1.      AT&T admits that Brandywine alleges infringement of United States Patent Nos. 5,828,657 (the "'657 patent"), 7,894,472 (the "'472 patent"), 6,970,501 (the "'501 patent"), 5,444,704 (the "'704 patent"), 5,206,854 (the "'854 patent"), 5,251,328 (the "'328 patent"), and 5,812,537 (the "'537 patent") (collectively the "patents-at-issue") under 35 U.S.C. § 271(a), (b), and (c) in its Complaint for Patent Infringement ("Brandywine Complaint").  AT&T denies that it infringes the patents-at-issue under any theory of infringement including those listed in 35 U.S.C. § 271(a), (b), and/or (c).

## PARTIES

2.      AT&T is without knowledge or information sufficient to enable it to admit or deny the allegations set forth in Paragraph 2 and therefore denies them.

3.      ATTC admits that ATTC is a New York corporation with its principal place of business located at One AT&T Way, Bedminster, New Jersey 07921.  ATTC admits that it has one or more offices or facilities within this judicial district and that it sells and offers to sell products and services in this judicial district.  AT&T denies the remaining allegations of Paragraph 3.

4.      SBC admits that SBC is a California corporation with its principal place of business located at 2623 Camino Ramon, San Ramon, California 94583.  AT&T admits that SBC sells and offers to sell products and services in this judicial district.  AT&T denies the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.     AT&T admits Paragraph 5.  AT&T denies that any of its actions give rise to a cause of action for patent infringement.

6.     AT&T admits that this Court has subject matter jurisdiction over patent actions.  AT&T denies that any of its actions give rise to a cause of action for patent infringement.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 6 of Brandywine's Complaint.

7.     AT&T admits that it is subject to personal jurisdiction in this District.  AT&T denies the remaining allegations of Paragraph 7.

8.     AT&T admits that venue is proper in this District but denies that this District is the most convenient venue for adjudication of the claims raised by Plaintiff in this action.

### FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,828,657
### (35 U.S.C. § 271)

9.     AT&T repeats and realleges its responses in Paragraphs 1 through 8 as though fully set forth herein.

10.     AT&T admits that the '657 patent states that it is entitled "Half-Duplex Echo Canceler Training Using a Pilot Signal" and issued on October 27, 1988.  AT&T admits that the '657 patent lists William Lewis Betts, Ramon B. Hazen, and Robert Earl Scott as inventors.  AT&T admits a purported copy of the '657 patent was attached as Exhibit A to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 10 of Brandywine's Complaint and therefore denies them.

11.    AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '657 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '657 patent.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 11 of Brandywine's Complaint.

12.    AT&T denies the allegations of Paragraph 12.

13.    AT&T denies the allegations of Paragraph 13.

14.    AT&T denies the allegations of Paragraph 14.

15.    AT&T denies the allegations of Paragraph 15.

16.    AT&T denies the allegations of Paragraph 16.

17.    AT&T denies the allegations of Paragraph 17.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,894,472
### (35 U.S.C. § 271)

18.    AT&T repeats and realleges its responses in Paragraphs 1 through 17 as though fully set forth herein.

19.     AT&T admits that the '472 patent states that it is entitled "Method and Apparatus for Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology" and issued on February 22, 2011. AT&T admits that the '472 patent lists Gordon Bremer and Philip J. Keys as inventors. AT&T admits a purported copy of the '472 patent was attached as Exhibit B to Brandywine's Complaint served on AT&T. AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 19 of Brandywine's Complaint and therefore denies them.

20.     AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '472 patent dated February 17, 2012. AT&T denies that it infringes any valid claim of the '472 patent. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 20 of Brandywine's Complaint.

21.     AT&T denies the allegations of Paragraph 21.

22.     AT&T denies the allegations of Paragraph 22.

23.     AT&T denies the allegations of Paragraph 23.

24.     AT&T denies the allegations of Paragraph 24.

25.     AT&T denies the allegations of Paragraph 25.

26.     AT&T denies the allegations of Paragraph 26.

### THIRD CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,970,501
### (35 U.S.C. § 271)

27.     AT&T repeats and realleges its responses in Paragraphs 1 through 26 as though fully set forth herein.

28.     AT&T admits that the '501 patent states that it is entitled "Method and Apparatus for Automatic Selection and Operation of a Subscriber Line Spectrum Class Technology" and issued on November 29, 2005.  AT&T admits that the '501 patent lists Gordon Bremer and Philip J. Keys as inventors.  AT&T admits a purported copy of the '501 patent was attached as Exhibit C to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 28 of Brandywine's Complaint and therefore denies them.

29.     AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '501 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '501 patent.  Except as expressly admitted herein, AT&T denies the allegations of paragraph 29 of Brandywine's Complaint.

30.     AT&T denies the allegations of Paragraph 30.

31.     AT&T denies the allegations of Paragraph 31.

32.     AT&T denies the allegations of Paragraph 32.

33.     AT&T denies the allegations of Paragraph 33.

34.     AT&T denies the allegations of Paragraph 34.

35.     AT&T denies the allegations of Paragraph 35.

### FOURTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,444,704
### (35 U.S.C. § 271)

36.     AT&T repeats and realleges its responses in Paragraphs 1 through 35 as though fully set forth herein.

37.     AT&T admits that the '704 patent states that it is entitled "Dial Restoral Method and Apparatus" and issued on August 22, 1995.  AT&T admits that the '704 patent lists P. Michael Henderson and Edward A. Thoenes as inventors.  AT&T admits a purported copy of the '704 patent was attached as Exhibit D to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 37 of Brandywine's Complaint and therefore denies them.

38.     AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '704 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '704 patent.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 38 of Brandywine's Complaint.

39.     AT&T denies the allegations of Paragraph 39.

40.     AT&T denies the allegations of Paragraph 40.

41.   AT&T denies the allegations of Paragraph 41.

42.   AT&T denies the allegations of Paragraph 42.

43.   AT&T denies the allegations of Paragraph 43.

44.   AT&T denies the allegations of Paragraph 44.

## FIFTH CLAIM FOR RELIEF
## PATENT INFRINGEMENT OF U.S. PATENT NO. 5,206,854
### (35 U.S.C. § 271)

45.   AT&T repeats and realleges its responses in Paragraphs 1 through 44 as though fully set forth herein.

46.   AT&T admits that the '854 patent states that it is entitled "Detecting Loss of Echo Cancellation" and issued on April 27, 1993.  AT&T admits that the '854 patent lists William L. Betts and Robert A. Day, II as inventors.  AT&T admits a purported copy of the '854 patent was attached as Exhibit E to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 46 of Brandywine's Complaint and therefore denies them.

47.   AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '854 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '854 patent.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 47 of Brandywine's Complaint.

48.   AT&T denies the allegations of Paragraph 48.

49.     AT&T denies the allegations of Paragraph 49.

50.     AT&T denies the allegations of Paragraph 50.

51.     AT&T denies the allegations of Paragraph 51.

52.     AT&T denies the allegations of Paragraph 52.

53.     AT&T denies the allegations of Paragraph 53.

### SIXTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,251,328
### (35 U.S.C. § 271)

54.     AT&T repeats and realleges its responses in Paragraphs 1 through 53 as though fully set forth herein.

55.     AT&T admits that the '328 patent states that it is entitled "Predistortion Technique for Communications Systems" and issued on October 5, 1993.  AT&T admits that the '328 patent lists David G. Shaw as the inventor.  AT&T admits a purported copy of the '328 patent was attached as Exhibit F to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 55 of Brandywine's Complaint and therefore denies them.

56.     AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '328 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '328 patent.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 56 of Brandywine's Complaint.

57.    AT&T denies the allegations of Paragraph 57.

58.    AT&T denies the allegations of Paragraph 58.

59.    AT&T denies the allegations of Paragraph 59.

60.    AT&T denies the allegations of Paragraph 60.

61.    AT&T denies the allegations of Paragraph 61.

62.    AT&T denies the allegations of Paragraph 62.

**SEVENTH CLAIM FOR RELIEF**
**PATENT INFRINGEMENT OF U.S. PATENT NO. 5,812,537**
**(35 U.S.C. § 271)**

63.    AT&T repeats and realleges its responses in Paragraphs 1 through 62 as though fully set forth herein.

64.    AT&T admits that the '537 patent states that it is entitled "Echo Cancellation Method and Apparatus for Data over Cellular" and issued on September 22, 1998.  AT&T admits that the '537 patent lists William L. Betts, Ramon B. Hazen, and Robert Earl Scott as the inventors.  AT&T admits a purported copy of the '537 patent was attached as Exhibit G to Brandywine's Complaint served on AT&T.  AT&T is without knowledge or information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 64 of Brandywine's Complaint and therefore denies them.

-10-

65.     AT&T admits that Brandywine served its original complaint in *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc. et al.*, Case 6:11-cv-01344-CEH-DAB (M.D. Fl. filed Aug. 12. 2011) on AT&T Inc. on November 28, 2011 and that ATTC and SBC received a letter from Brandywine's counsel providing notice of alleged infringement of the '537 patent dated February 17, 2012.  AT&T denies that it infringes any valid claim of the '537 patent.  Except as expressly admitted herein, AT&T denies the allegations of Paragraph 65 of Brandywine's Complaint.

66.     AT&T denies the allegations of Paragraph 66.

67.     AT&T denies the allegations of Paragraph 67.

68.     AT&T denies the allegations of Paragraph 68.

69.     AT&T denies the allegations of Paragraph 69.

70.     AT&T denies the allegations of Paragraph 70.

71.     AT&T denies the allegations of Paragraph 71.

## RESPONSE TO PRAYER FOR RELIEF

AT&T denies any allegations not otherwise responded to above and denies that Brandywine is entitled to the relief sought in its Prayer for Relief, including without limitation its unnumbered paragraph and paragraphs it has labeled A-E, or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Brandywine's burdens of proof on its affirmative claims against AT&T, reserving its right to assert additional defenses and/or affirmative defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, AT&T alleges and asserts the following defenses in response to the allegations by Brandywine:

### FIRST DEFENSE

Brandywine has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

AT&T does not directly or indirectly infringe and has not directly or indirectly infringed any valid claim of the '657, '472, '501, '704, '854, '328, or '537 patents, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

Some or all claims of the '657, '472, '501, '704, '854, '328, or '537 patents are invalid and/or unenforceable for failure to comply with one or more provisions of Title 35, United States Code, including, but not limited to sections U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

Brandywine is estopped, by virtue of the prior art or its conduct or representations made during the prosecution of the '657, '472, '501, '704, '854, '328, or '537 patents, from asserting infringement against AT&T.

### FIFTH DEFENSE

Brandywine is precluded from recovering damages for infringement of the '657, '472, '501, '704, '854, '328, or '537 patents, if any, until the date Brandywine notified AT&T in accordance with 35 U.S.C. § 287(a).

### SIXTH DEFENSE

Some or all of Brandywine's claims for damages and other relief are barred by the equitable doctrines of waiver, estoppel, unclean hands, acquiescence, and/or laches.

### SEVENTH DEFENSE

To the extent Brandywine seeks damages for alleged infringement more than six years prior to the filing of the present litigation, Brandywine's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

### EIGHTH DEFENSE

Brandywine is precluded from asserting the '657, '472, '501, '704, '854, '328, or '537 patents against AT&T by virtue of its assertion of the '657, '472, '501, '704, '854, '328, or '537 patents against AT&T without a well-founded, good-faith belief that AT&T infringed the '657, '472, '501, '704, '854, '328, or '537 patents.

### NINTH DEFENSE

Brandywine has exhausted its patent rights and is estopped from seeking damages from AT&T for infringement of the '657, '472, '501, '704, '854, '328, or '537 patents because of the patent exhaustion doctrine.

## TENTH DEFENSE

Brandywine has failed to provide adequate evidence of ownership of the '657, '472, '501, '704, '854, '328, or '537 patents.

## ELEVENTH DEFENSE

Brandywine is not entitled to any equitable relief, including but not limited to injunctive relief under any theory, including without limitation, because any alleged injury to Brandywine is not immediate or irreparable, Brandywine has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## TWELFTH DEFENSE

Brandywine's claims for infringement of the '657, '472, '501, '704, '854, '328, or '537 patents are barred in whole, or in part, by the defense of license.

## RIGHT TO ALLEGE FURTHER DEFENSES AS SUPPORTED BY EVIDENCE

AT&T reserves the right to amend this Answer and to assert additional defenses that become known through the course of discovery and investigation of the case, including but not limited to the defense of inequitable conduct.

## <u>COUNTERCLAIMS</u>

Counterclaim Plaintiffs AT&T Corp. ("ATTC") and SBC Internet Services, Inc. ("SBC") (collectively "AT&T") assert the following Counterclaims against Plaintiff and Counterclaim Defendant Brandywine Communications Technologies LLC. ("Brandywine"):

1.      AT&T seeks a declaration by this Court that the claims of United States Patent Nos. 5,828,657 (the "'657 patent"), 7,894,472 (the "'472 patent"), 6,970,501 (the "'501 patent"), 5,444,704 (the "'704 patent"), 5,206,854 (the "'854 patent"), 5,251,328 (the "'328 patent"), and 5,812,537 (the "'537 patent") (collectively the "patents-at-issue") are invalid.

## PARTIES

2.      ATTC is a New York corporation with its principal place of business located at One AT&T Way, Bedminster, New Jersey 07921.

3.      SBC is a California corporation with its principal place of business located at 2623 Camino Ramon, San Ramon, California 94583.

4.      Upon information and belief, Plaintiff and Counterclaim Defendant, Brandywine is a company with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a) and 28 U.S.C. §§ 2201 and 2202.

6.      By filing its Complaint, Brandywine has consented to the personal jurisdiction of this Court.

7.     Plaintiff has consented to venue in this jurisdiction through filing of its Complaint.  To the extent venue is proper for the Plaintiff's lawsuit, venue is proper for these counterclaims.  However, filing these counterclaims in response to Plaintiff's lawsuit is not an admission that this District is the most proper or convenient venue for this lawsuit.

## COUNT I
### (Declaratory Judgment of Invalidity of '657 Patent, 28 U.S.C. §§ 2201-2202)

8.     The allegations set forth in the foregoing Paragraphs 1 through 7 are hereby realleged and incorporated herein by reference.

9.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '657 patent.  However, some or all of the claims of the '657 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

10.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

11.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '657 patent invalid.

12.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaratory Judgment of Invalidity of '472 Patent, 28 U.S.C. §§ 2201-2202)

13.     The allegations set forth in the foregoing Paragraphs 1 through 12 are hereby realleged and incorporated hereby by reference.

14.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '472 patent.  However, some or all of the claims of the '472 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

16.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '472 patent invalid.

17.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### COUNT III
### (Declaratory Judgment of Invalidity of '501 Patent, 28 U.S.C. §§ 2201-2202)

18.     The allegations set forth in the foregoing Paragraphs 1 through 17 are hereby realleged and incorporated hereby by reference.

19.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '501 patent.  However, some or all of the claims of the '501 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

21.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '501 patent invalid.

22.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT IV
**(Declaratory Judgment of Invalidity of '704 Patent, 28 U.S.C. §§ 2201-2202)**

23.     The allegations set forth in the foregoing Paragraphs 1 through 22 are hereby realleged and incorporated hereby by reference.

24.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '704 patent.  However, some or all of the claims of the '704 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

26.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '704 patent invalid.

27.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT V
**(Declaratory Judgment of Invalidity of '854 Patent, 28 U.S.C. §§ 2201-2202)**

28.     The allegations set forth in the foregoing Paragraphs 1 through 27 are hereby realleged and incorporated hereby by reference.

29.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '854 patent.  However, some or all of the claims of the '854 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

30.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

31.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '854 patent invalid.

32.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VI
### (Declaratory Judgment of Invalidity of '328 Patent, 28 U.S.C. §§ 2201-2202)

33.     The allegations set forth in the foregoing Paragraphs 1 through 32 are hereby realleged and incorporated hereby by reference.

34.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '328 patent.  However, some or all of the claims of the '328 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

36.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '328 patent invalid.

37.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT VII
### (Declaratory Judgment of Invalidity of '537 Patent, 28 U.S.C. §§ 2201-2202)

38.     The allegations set forth in the foregoing Paragraphs 1 through 37 are hereby realleged and incorporated hereby by reference.

39.     Brandywine has alleged in this action that AT&T has infringed, contributed to the infringement of, or induced others to infringe the '537 patent.  However, some or all of the claims of the '537 patent are invalid for failure to comply with title 35 of the United States Code, including under 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

41.     AT&T is entitled to a declaration by the Court rendering some or all of the claims of the '537 patent invalid.

42.     AT&T is also entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### JURY DEMAND

AT&T respectfully demands a jury trial of all issues triable to a jury in this action

### PRAYER FOR RELIEF

Wherefore, AT&T respectfully prays that the Court enter judgment:

A.     Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '657 patent;

B.      Adjudging and declaring that all the claims of the '657 patent are invalid;

C.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '472 patent;

D.      Adjudging and declaring that all the claims of the '472 patent are invalid;

E.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '501 patent;

F.      Adjudging and declaring that all the claims of the '501 patent are invalid;

G.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '704 patent;

H.      Adjudging and declaring that all the claims of the '704 patent are invalid;

I.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '854 patent;

J.      Adjudging and declaring that all the claims of the '854 patent are invalid;

K.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '328 patent;

L.      Adjudging and declaring that all the claims of the '328 patent are invalid;

M.      Finding that AT&T has not infringed and is not infringing, has not induced and is not inducing others to infringe and has not contributed and is not contributing to the infringement of the '537 patent;

N.      Adjudging and declaring that all the claims of the '537 patent are invalid;

O.      Dismissing the Complaint and entering judgment for AT&T;

P.      Awarding AT&T its costs, including attorney's fees, in defending this action; and

Q.      Awarding AT&T such other relief as the Court deems just and proper.

Respectfully submitted this 13th day of March, 2012.

> /s/ David S. Wood
> David S. Wood
> Fla. Bar No. 289515
> Megan Costa DeVault
> Fla. Bar No. 0560731
> Carrie Ann Wozniak
> Fla. Bar No. 12666
> Akerman Senterfitt
> 420 S. Orange Avenue, Suite 1200
> Post Office Box 231
> Orlando, Florida 32802-0231
> Tele:   (407) 423-4000
> Fax:    (407) 843-6610
> Email: david.wood@akerman.com
>           megan.devault@akerman.com
>           carrieann.wozniak@akerman.com
>
> William Boice
> Russell A. Korn
> Kilpatrick Townsend  & Stockton LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, GA  30309-4530
> Tele:   (404) 745-2552
> Fax:    (404) 393-6548
> Email: bboice@kilpatricktownsend.com
>           rkorn@kilpatricktownsend.com

Daniel S. Young
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street
Denver, CO  80202
Tele:   (303) 405-8527
Fax:    (303) 648-4730
Email: dyoung@kilpatricktownsend.com

Attorneys for Defendant,
AT&T CORP. AND SBC INTERNET
SERVICES, INC.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 13th day of March, 2012, that a true and correct copy of the foregoing Defendants AT&T Corp. and SBC Internet Services, Inc.'s Answer and Counterclaim was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ David S. Wood
David S. Wood

US2008 3317377 2